Fboessel, J.
(concurring). I concur for affirmance for the reasons hereinafter stated. I fully recognize the import of the statutory mandate that in granting any order of adoption the court shall ‘ ‘ when practicable ’ ’ give custody only to persons of the same religious faith as that of the child (Social Welfare Law, § 373, subd. 3). In this case, however, the courts below found that at the time the natural mother signed and acknowledged a consent that her child be adopted by petitioners she stated that she “ does not at the present time embrace any religious faith ’ ’, and that a similar statement was made to the nurse.
The County Judge made further findings — unanimously affirmed by the Appellate Division — which are sufficiently detailed in Judge Fuld’s opinion. Evidence of her deliberate secret plan, made well before its birth, to give up the child and of her intentional and deliberate abandonment of him, is overwhelming.
Under all the circumstances of this most unusual case, mindful of the welfare of the child, and upon the express agreement of the petitioners to have the child baptized in the faith which the natural mother finally professed, and to educate said child in the elementary and high schools of that faith, I am of the opinion that the County Judge was authorized and justified in making the adoption order appealed from.